Filed 11/10/20  P. v. Campos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090579 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 93F08332, 93F09725, 93F10615) |
| v. | |
| ALBERTO CAMPOS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Alberto Campos asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Because we find that defendant is not entitled to *Wende* review, and has not raised an arguable issue in his supplemental brief, we dismiss the appeal.  (*People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).)

BACKGROUND

In 1994, in six consolidated cases, defendant pleaded no contest to possession of a controlled substance for sale (Health & Saf. Code, § 11351.5), intimidation of a witness

1

(Pen. Code, § 136.1)[1] and admitted an on-bail enhancement (§ 12022.1), robbery (§ 211), and second degree burglary (§ 459). In taking the plea, the trial court advised defendant "If you're not a citizen of the United States, this plea can result in your being deported from the United States, excluded from admission to the United States or denied naturalization as a U.S. citizen." Defendant confirmed he understood that consequence of his plea. The trial court sentenced defendant in accordance with the agreed-to maximum sentence, an aggregate term of seven years eight months. The remaining charges were dismissed.

In September 2017 defendant filed a petition for writ of error *coram nobis*. Defendant claimed he had been denied effective assistance of counsel, because in 1994 his trial counsel had assured him his plea agreement would not lead to his deportation. The trial court construed the writ petition as a section 1473.7 motion to vacate the pleas based on the lack of advisement of the immigration consequences, appointed counsel, and requested briefing.

Defendant waived appearance at the hearing, as he was in custody in North Carolina. The trial court considered the parties' briefs and additional argument at the hearing. The trial court found defendant had received a good plea deal, given what his exposure was, that he had been properly admonished by the court as to the immigration consequences, and that at the time of the plea he did not appear concerned about the immigration consequences but rather the length of sentence he would receive. The trial court also considered trial counsel's affidavit as to her standard practice and found defendant's contradictory affidavit was not credible. Based on these conclusions, the trial court denied the motion.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *Serrano, supra*, 211 Cal.App.4th at pp. 500-501.)

The right to *Anders/Wende* review applies only at appellate proceedings where a defendant has a previously established constitutional right to counsel. (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Ben C., supra*, 40 Cal.4th at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano,* at pp. 500-501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende* review in such an appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.) Applying *Serrano* here, defendant has no right to a *Wende* review of the denial of his motion to vacate the judgment pursuant to section 1473.7.

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief stating he did not believe "this new case in Tennessee" would get him deported, unlike the California case, where he had "already

3

faced the Immigration Courts." As nothing in defendant's supplemental brief raises an arguable issue on appeal, we must dismiss it. (*Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

DISPOSITION

The appeal is dismissed.


                                        _____/s/_____
                                        RAYE, P. J.



We concur:



_____/s/_____
BLEASE, J.



_____/s/_____
KRAUSE, J.